UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN PAUL WALLACE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:11-CV-955-AGF |
| ROBERT T. BRUEGGE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Stephen Paul Wallace for leave to commence this action without payment of the required filing fee [Doc. #2].[1]  See 28 U.S.C. § 1915(a).  Upon consideration of plaintiff's Financial Affidavit [Doc. #6], the Court finds that he is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

---

[1]The complaint caption reads, in part, as follows:  "(1) Stephen Paul Wallace, individually, and as (2) Private Attorney General, ex rel; United States of America, Plaintiffs."  Although plaintiff is attempting to join the United States Attorney General as a party-plaintiff to this action, he has no right to do this.  As such, the Court will strike the "Private Attorney General" as a plaintiff to this action.

immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The complaint and supplement

Plaintiff brings this action for monetary and injunctive relief against Robert T. Bruegge (attorney), Patrick J. Malloy, III (trust attorney), John Doe, and Richard Roe.  Plaintiff states, inter alia, that (1) in 1990, he and his mother, Lorice T. Wallace, were successor co-trustees of their family's forty million dollar estate; (2) in June 2000, Bank of America was appointed as Lorice's successor trustee; however, the appointment was "illicitly quashed in the sham probate court which embezzled/confiscated all of Lorice's property & liquid assets"; (3) in September 2001, plaintiff "did sacrifice himself for his family by filing for Chapter 11 Bankruptcy Reorganization, solely to compel the 'Coup

Klan' to produce an accounting of the 'unique and irreplaceable large remaining tracts of realty including the Wallace Family extensive oil and gas reserves'"; (4) in 2003, Lorice died "due to the covert overdosing . . . with Depakote by the 'Coup Klan,'" and the estate's funds were "embezzled/confiscate[d]"; and (5) the Coup Klan "sanitiz[ed] and destroy[ed] all documents, pleadings, evidence, [and] adversary proceedings" relative to plaintiff's bankruptcy case.  Plaintiff alleges "Enron type criminal financial fraud," "criminal collusion," the violation of his constitutional rights under 42 U.S.C. § 1985(2), and the "criminal confiscation of all [his] 'unique and irreplaceable commercial realty developments.'"  In addition, he asserts state-law claims for breach of contract, fraud, embezzlement, breach of fiduciary duty, detrimental reliance, conversion, intentional infliction of emotional distress, and tortious interference of contract.

Plaintiff states that he is invoking the jurisdiction of this Court "pursuant to the provisions of Title 18 U.S.C. §§ 241 and 242 [Conspiracy Against Rights & Deprivation of Rights Under Color of Law], and under the Americans With Disabilities Act."

## Discussion

Having carefully reviewed the complaint and supplement, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

**A. Claims under 18 U.S.C. §§ 241 and 242**

Title 18 U.S.C. §§ 241 and 242 are criminal statutes that prohibit violations against an individual's federal constitutional rights. Private rights to enforce federal statutes are found only when "the statute manifests an intent 'to create not just a private *right* but also a private *remedy*.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)(emphasis in original)). There is no indication that Congress intended to create a private right of action for the violation of §§ 241 and 242, and therefore, plaintiff lacks standing to bring a complaint for defendants' alleged violation of these criminal statutes. *See Cok v. Cosentino*, 876 F.2d 1,2 (1st Cir. 1989)(only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir. 1987)(§ 241 does not provide for private cause of action). Moreover, the initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F.Supp. 724, 725 (E.D.Mo. 1981); 28 U.S.C. § 547(1).

**B. Claims under the Americans with Disabilities Act ("ADA")**

Title II of the ADA "prohibits qualified individuals with disabilities from being excluded from participation in or the

4

benefits of the services, programs, or activities of a public entity." *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999).

> To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability.

*Id.* at 858.  Plaintiff does not allege that he possesses a disability, was otherwise qualified for a benefit, or was discriminated against because of a disability, and thus, the complaint fails to state a prima facie claim under the ADA.

### C.  Claim under 42 U.S.C. § 1985(2)

The first part of § 1985(2) creates a private right of action for damages based on certain forms of interference with federal judicial proceedings, to wit:

> If two or more persons . . . conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified.

The second part of § 1985(2) creates a similar cause of action for interference with state proceedings.

In the instant action, plaintiff summarily alleges that defendants John Doe and Richard Roe violated his rights under § 1985(2) when they conspired to destroy his life, liberty, and

5

pursuit of happiness.  Plaintiff's conclusory allegations fail to state a claim or cause of action under § 1985(2).

    D.  **Pendent state claims**

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims should be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the "Private Attorney General" is **STRICKEN** as a party-plaintiff to this action, and the Clerk of Court shall docket this case as *Stephen Paul Wallace v. Robert T. Bruegge, Patrick J. Malloy, III, John Doe, and Richard Roe*.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's "Emergency Motion" [Doc. #7] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE